### In re RIO HAIR NATURALIZER PRODUCTS LIABILITY LITIGATION.

### No. 1055.

Judicial Panel on Multidistrict Litigation.

June 28, 1995.

Before JOHN F. NANGLE, Chairman, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,* JOHN F. GRADY, BAREFOOT SANDERS and LOUIS C. BECHTLE, Judges of the Panel.

### TRANSFER ORDER

JOHN F. NANGLE, Chairman.

This litigation presently consists of the ten actions listed on the following Schedule A and pending in seven federal districts as follows: three actions in the Eastern District of Pennsylvania, two actions in the Northern District of Illinois, and one action each in the Central District of California, District of Colorado, Northern District of Georgia, Southern District of New York and Northern District of Texas. Before the Panel are four separate motions by various plaintiffs for an order of the Panel, pursuant to 28 U.S.C. § 1407, centralizing all actions in a single district for coordinated or consolidated pretrial proceedings.[1] The four motions are as follows: 1) motion of plaintiffs in the Central District of California action and one Eastern District of Pennsylvania action (*Franklin*) for centralization in the Central District of California; 2) motion of plaintiffs in the Southern District of New York action for centralization in the Southern District of New York "or some other centrally located" transferee court; 3) motion of plaintiffs in the Northern District of Georgia action for centralization in the Northern District of Georgia; and 4) motion of plaintiffs in the District of Colorado action for centralization in the District of Colorado. No responding party opposes centralization. The following parties support centralization in the Central District of California: 1) defendants World Rio Corporation (World Rio), Pantron I Cor-

---

* Judge Brimmer took no part in the decision of this matter.

1. The Panel has also been notified that more than 40 additional related actions are pending in more than fifteen federal districts. These ac-

tions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Rules· 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596–97 (1993).

poration and Hal Z. Lederman; 2) plaintiffs in four actions before the Panel (*Daniels* and *Hardy* in the Eastern District of Pennsylvania, *Jackson* in the Northern District of Illinois and the Northern District of Texas action; and 3) plaintiffs in one Central District of California potential tag-along action. Plaintiffs in one District of Colorado potential tag-along action favor centralization in the District of Colorado.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Common factual questions arise because all actions allege defects in hair straightener products (Rio Hair Naturalizers) distributed exclusively in the United States by World Rio. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Michigan is the appropriate transferee forum for this litigation. Although that district was not suggested by any of the parties before us, we note that i) of the approximately 50 federal actions that the Panel is aware of in this docket, six actions are already pending in the Eastern District of Michigan, ii) according to the Panel's records, three of the six Eastern District of Michigan actions are already assigned to Judge Gerald E. Rosen, whom we have selected to serve as transferee judge, and iii) the Eastern District of Michigan provides a geographically central location for this nationwide litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honor-

able Gerald E. Rosen for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1055—In re Rio Hair Naturalizer Products Liability Litigation*

### Central District of California

*Iris Franklin, et al. v. World Rio Corp., et al.,* C.A. No. 2:95–852

### District of Colorado

*Mary P. Carpenter, et al. v. World Rio Corp., et al.,* C.A. No. 1:95–247

### Northern District of Georgia

*Constance Taylor, et al. v. World Rio Corp., et al.,* C.A. No. 1:95–535

### Northern District of Illinois

*Flora Jackson v. World Rio Corp., et al.,* C.A. No. 1:95–543

*Cathy Seay, et al. v. World Rio Corp., et al.,* C.A. No. 1:95–652

### Southern District of New York

*Mabel Mealing, et al. v. World Rio Corp., et al.,* C.A. No. 1:95–892

### Eastern District of Pennsylvania

*Regina Ware, et al. v. World Rio Corp., et al.,* C.A. No. 2:95–18

*Ethyl Hardy v. World Rio Corp., et al.,* C.A. No. 2:95–91

*Joanne Daniels v. World Rio Corp., et al.,* C.A. No. 2:95–216

### Northern District of Texas

*Linda Wilkerson, et al. v. World Rio Corp., et al.,* C.A. No. 4:94–876